DONALD E. HEYEN, Plaintiff-Appellant, v. SANBORN MANUFACTURING COMPANY *et al.*, Defendants-Appellees.

Fourth District   No. 4—91—0477

Opinion filed December 13, 1991.

Jerome Mirza & Associates, Ltd., of Bloomington (David V. Dorris and Thomas M. Harris, of counsel), for appellant.

Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, and Fredrikson & Byron, of Minneapolis, Minnesota (Stephen R. Kaufmann and Jerome B. Pederson, of counsel), for appellee Sanborn Manufacturing Company.

Quinn, Johnston, Henderson & Pretorius, of Peoria (Murvel Pretorius, Jr., and David B. Collins, of counsel), for appellee R & H Farm and Home, Inc.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On May 7, 1990, plaintiff Donald E. Heyen filed a complaint in the circuit court of Logan County against defendants Sanborn Manufacturing Company (Sanborn) and R & H Farm and Home, Inc. (R&H). Plaintiff alleged he was injured when an air compressor manufactured by Sanborn and sold by R & H exploded. On March 11, 1991, the trial court granted defendants' motions to dismiss an amended complaint. Plaintiff appeals. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff's original three-count complaint alleged (1) plaintiff purchased a new air compressor from R & H on May 4, 1978; (2) the air compressor had been manufactured and distributed by Sanborn; and (3) on May 7, 1988, plaintiff was injured when the compressor exploded. Count I of the original complaint charged Sanborn with strict liability in tort and alleged the compressor was unreasonably dangerous at the time it left Sanborn's control in that it had a defective pressure relief valve that allowed excessive pressure to build up in the tank, causing it to explode. Count II alleged Sanborn "was negligent in its manufacture of the aforementioned air compressor in that it contained a defective pressure relief valve that allowed excessive pressure to build up in the tank causing the described explosion and injuries." Count III alleged the air compressor was unreasonably dangerous at the time R & H sold it to plaintiff.

Sanborn filed a motion requesting dismissal of count I of the original complaint contending that, as it sounded in strict liability, it was barred by the 10-year repose provision as to strict liability claims set forth in section 13—213(b) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 13—213(b)) because the air compressor had been both placed in commerce and sold more than 10 years prior to the filing of plaintiff's complaint, and the injuries to plaintiff had occurred a few days more than 10 years after the sale by R & H to

plaintiff. That motion also requested that count II of that complaint be dismissed for failure to set forth sufficient facts to support a negligence claim. The original complaint was admittedly filed within the time limit for bringing negligence actions for personal injury set forth in section 13—202 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—202). R & H subsequently filed a motion for summary judgment as to count III of the original complaint asserting that count was also barred by expiration of the 10-year period of section 13—213 of the Code. On October 1, 1990, the court granted R & H's motion for summary judgment without objection as to count III and granted plaintiff leave to file an amended count against R & H within 21 days.

Plaintiff filed an amended complaint in two counts on October 23, 1990. Count I of the amended complaint was directed against Sanborn and alleged it was negligent in the manufacture of the air compressor because it:

"(a) Failed to incorporate in its design, an effective pressure relief valve to prevent excessive pressures from building up in the air chamber;

(b) Had a defective pressure relief valve that failed to operate as designed and thereby allowed excessive air pressure to build up in the air chamber; and

(c) Failed to warn users of the dangers stated in subparagraphs (a) and (b)."

Count II alleged R & H was negligent in that it:

"(a) Failed to adequately inform purchasers of the dangerous condition described in paragraph three[,] even though it knew or should have known of those dangers before May 7, 1988; and

(b) After being notified by the manufacturer of a recall because of the dangerous condition[,] failed to give purchasers adequate notice of the recall."

On November 1, 1990, Sanborn filed a motion to strike the amended complaint because of plaintiff's failure to obtain leave of court to file it. The court subsequently granted plaintiff leave to file count I of its amended complaint against Sanborn and granted Sanborn's motion to dismiss count I (strict liability) of plaintiff's original complaint. R & H filed a motion to dismiss count II of the amended complaint on the basis that the causes of action alleged in that count failed to relate back to the filing of the original complaint, pursuant to section 2—616(b) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(b)).

After R & H filed its motion to dismiss count II of the amended complaint, Sanborn filed a motion to dismiss both count I of the amended complaint and count II of the original complaint. This motion was supported by an attached brief which set forth the grounds upon which Sanborn was relying. Sanborn's theory as to why the motion should have been allowed begins with its assertion that the original count II, although alleging negligence by Sanborn, nevertheless sounded in strict liability and was thus barred by the repose provisions of section 13—213 of the Code. Sanborn then maintained, in the alternative, original count II should have been dismissed for failure to allege more details as to the negligence with which it was charged. Sanborn then contended that count I of the amended complaint should also be dismissed (1) for failure to set forth the negligence with which it was charged in sufficient detail, and (2) because, under section 2—616(b) of the Code, that count could not defeat the two-year limitation for bringing negligence actions set forth in section 13—202 of the Code.

After a hearing, the circuit court entered an order on March 11, 1991, dismissing count II of the amended complaint, which was against R & H, with leave to reinstate within 28 days. By the same order, the court dismissed the amended complaint against Sanborn with prejudice. On May 30, 1991, the court noted that plaintiff had elected to stand on its complaint against R & H. Accordingly, the court then entered an order dismissing the amended complaint with prejudice. The circuit court did not rule on plaintiff's motion to dismiss count II of the original complaint. However, as plaintiff had filed an amended complaint rather than an amendment to the original complaint, the amended complaint superseded the original. The circuit court ruled on all pending motions. Plaintiff has properly appealed from the final judgment of May 30, 1991.

■■ Plaintiff maintains both count I and count II sound in negligence for which the two-year statute of limitations of section 13—202 of the Code is applicable. Under the circumstances alleged here, that limitations period starts to run on the day the injury occurs. Here the injury was alleged to have occurred on May 7, 1988, and the original complaint was filed on May 7, 1990, which was barely within that two-year period. The amended complaint was not filed until October 23, 1990, which was well after the expiration of that period. However, plaintiff maintains that section 2—616(b) of the Code permits the amended complaint to relate back to the filing of the original complaint for determination of whether the limitations period had expired. Section 2—616(b) states:

"The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading ***." Ill. Rev. Stat. 1989, ch. 110, par. 2—616(b).

In *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64, a wrongful death action (Ill. Rev. Stat. 1965, ch. 70, par. 1) was held to relate back to a complaint previously brought under the Structural Work Act (Ill. Rev. Stat. 1965, ch. 48, par. 60 *et seq.*) by a widow of the decedent, who was also his administrator, because of the provisions of the then section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46(2)), which contained the same pertinent language as the present section 2—616(b) of the Code. The supreme court explained its rationale in these words:

"The aforementioned provisions were designed to insure fairness to the litigants rather than unduly enhance the technical considerations of common-law pleading. *** [T]he policy attendant to statutes of limitation is to provide defendant a sufficient opportunity to investigate the factors upon which his liability may be based while such evidence is still ascertainable. [Citation.] In the present case it is readily apparent that the cause of action set forth in the second amended complaint 'grew out of the same transaction or occurrence set up in the original pleading,' which was timely filed. Moreover, in all the pleadings the basis of defendants' liability was the alleged defective nature of the work area utilized by deceased prior to his fall. Thus defendants were informed of circumstances upon which they might predicate a defense." *Halberstadt*, 55 Ill. 2d at 124-25, 302 N.E.2d at 66.

In *Cunningham v. Hasbargen* (1983), 118 Ill. App. 3d 1019, 455 N.E.2d 1019, this court held that counts charging a tavern operator with negligence and wilful and wanton conduct in not protecting a plaintiff from an intoxicated patron of that tavern could relate back to the filing of a count charging that same defendant under certain provisions of the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135). At that time, section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(2)) was also in force. A different result was reached by this court in *Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 475

N.E.2d 260. There, the court held that an amended complaint charging a physician and a medical center with a negligent course of treatment of a patient over several years beginning in 1974 would not relate back under section 2—616(b) of the Code to a timely count charging negligence in the course of that treatment in 1977 as to one surgical procedure performed at that time.

Similar to *Chestnut*, in *Perkins v. Pepsi-Cola General Bottlers, Inc.* (1987), 158 Ill. App. 3d 893, 511 N.E.2d 901, the Second District Appellate Court held that a count charging a wrongful discharge of an employee by an employer could not relate back, pursuant to section 2—616(b) of the Code, to a count charging the employer with defamation of that employee at apparently the same time as the discharge. In both *Chestnut* and *Perkins*, the appellate court referred to a requirement that the pleading to which a relation back is sought must call the defendant's attention to the facts which form the basis of the newly pleaded claim so that the defendant may make appropriate investigation in a timely manner. See also *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 289 N.E.2d 481.

■ The foregoing precedent indicates the charges in the amended complaint against R & H cannot relate back to the original complaint and become timely. Count II of the amended complaint charged R & H with negligence in (1) failing "to adequately inform plaintiff of the dangerous condition" of the air compressor when R & H knew or should have known of the danger, and (2) after being given notice by the manufacturer of a recall, failing to give plaintiff notice of this. Plaintiff seeks to relate these allegations back to count III of the original complaint, which alleged the air compressor was unreasonably dangerous when sold. Clearly, the original allegations of the defective nature of the compressor do not sufficiently alert R & H of a possible contention that it failed to inform plaintiff of a subsequent recall by the manufacturer and make timely investigation in that respect.

The allegations of the defective nature of the compressor come closer to alerting R & H that it could be charged with knowledge of the dangerous condition of the compressor and failing to warn plaintiff of this. However, the focus of the defective product charge was on the actual condition of the product. The focus of the amended charge includes the issue of whether R & H knew or should have known of the defect. To investigate this question, R & H would have had to timely check with its employees to see what they knew and what circumstances existed which might have required them to know of the defect. The circuit court properly dismissed count II of the amended complaint with prejudice.

■■ Count I of the amended complaint alleged Sanborn was negligent because (1) it "[f]ailed to incorporate in its design, an effective pressure relief valve to prevent excessive pressure from building up in the air chamber," (2) the compressor had a defective pressure relief valve that failed to operate as designed, and (3) it failed to warn users of the foregoing dangers. Plaintiff maintains these charges can relate back to those in counts I and II of his original complaint. Count I of that complaint charged Sanborn with strict liability in tort because the defective relief valve, present when it left Sanborn's control, allowed excessive pressure to build up and caused it to explode. Count II of the plaintiff's original complaint alleged Sanborn "was negligent in its manufacture of the *** air compressor in that it contained a defective pressure relief valve that allowed excessive pressure to build up in the tank causing the described explosion and injuries."

As was the situation in regard to the allegation that R & H failed to warn plaintiff of a recall, we conclude that allegations in count I of the amended complaint of Sanborn's negligent failure to warn plaintiff of the dangerous nature of the allegedly defective relief valve cannot relate back to counts I and II of the original complaint, which alleged the relief valve was in an unreasonably dangerous condition at the time of sale and was negligently so designed.

■■ We need not decide whether the other charges of count I of the amended complaint can relate back to count I of the original complaint, which charged defective product. Count II of the original complaint charged Sanborn with the negligent manufacture of the air compressor because of a defective relief valve. The other charges of count I of the amended complaint alleged a negligent failure to incorporate a proper relief valve in the design of the air compressor and the negligent manufacture of an air compressor that contained a defective valve that failed to operate as designed. The close relationship between count I of the original complaint and those provisions of count II of the amended complaint are such that the former gave Sanborn the information necessary to prepare to defend against the later charge. Clearly the allegations all involved the same transaction.

■■ Next, we confront two of Sanborn's contentions upon which it places great reliance. One is that despite the use of the word "negligence" in count II of the original complaint, it actually set forth a cause of action in strict liability for defective product. Sanborn maintains that if the foregoing were so, count I of the amended complaint cannot relate back to it.

We need not decide whether, if original count II sounded in defective product, count I of the amended complaint can relate back to it.

We hold that original count II did not sound in strict liability for defective product. Sanborn's theory is based on the fact that original count II used such words as "defective," which is a part of the description of a cause of action in strict liability. Sanborn at least hints of a public policy whereby all suits for a defective product are intended to be subject to the repose provisions of section 13—213 of the Code.

The latter theory is refuted by the decision of the Fifth District Appellate Court in *Dintelman v. Alliance Machine Co.* (1983), 117 Ill. App. 3d 344, 453 N.E.2d 128, wherein the court reversed the portion of a judgment which dismissed as barred by the repose provisions of section 13—213 of the Code products liability counts which were based upon negligence rather than strict liability. That court pointed out that (1) an important aspect of strict liability is that proof of negligence is unnecessary, and (2) public policy in regard to exposure of manufacturers to such suits is different than when the plaintiff has the burden of proving negligence on the part of the defendant. (See *Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 425 N.E.2d 522.) Despite the use of such words as "defective" in count II of the original complaint, the use of the word "negligent," requiring the plaintiff to prove that element, fully distinguished that negligence count for products liability from one where the liability is strict and no negligence need be proved.

We recognize the imperfection in both count II of the original complaint and count I of the amended complaint for failing to set forth what that negligence was. (See *Costello v. Unarco Industries, Inc.* (1984), 129 Ill. App. 3d 736, 473 N.E.2d 96.) However, in *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 15 N.E.2d 838, the supreme court stated that in order for an amended count of a complaint to relate back, under section 46 of the then Civil Practice Act of 1933 (Ill. Rev. Stat. 1937, ch. 110, par. 170), "it is *not necessary* that the original pleading *technically state a cause of action.*" (Emphasis added.) (*Metropolitan Trust Co.*, 369 Ill. at 229, 15 N.E.2d at 842.) In *Savant v. Superior Coal Co.* (1955), 5 Ill. App. 2d 109, 125 N.E.2d 148, the appellate court held that an amended charge against a coal mining corporation for creating subsidence of surface owners' land was held sufficient for relation back by an amended count even though the original count was defective for failure to state when the subsidence occurred. *Metropolitan Trust Co.* was cited. The case was decided by the then Third District Appellate Court which was the predecessor to this court.

Neither the use of phrases such as "defective" in the original count II nor the failure of that count to specify the nature of the negligence to which Sanborn was charged prevents portions of count I of the amended complaint from relating back to original count II. Similarly, any defect in count I of the amended complaint for failure to allege negligence in more detail does not support the judgment of dismissal of that count. It was dismissed on the basis that the count was time barred. On remand, plaintiff should have an opportunity to amend to supply that deficiency.

Accordingly, we affirm the judgment of the circuit court in dismissing, with prejudice, count II of the amended complaint and in striking the part of count I of the amended complaint seeking recovery for Sanborn's alleged failure to warn users of the air compressor. We reverse the dismissal of the balance of count I of the amended complaint. We remand to the circuit court of Logan County for further proceedings.

Affirmed in part; reversed in part and remanded.

STEIGMANN and LUND, JJ., concur.