JOHN P. PEARL, Plaintiff-Appellant, v. WILLIAM WAIBEL, Defendant-Appellee (John P. Pearl and Associates, Ltd., *et al.*, Plaintiffs).

Fourth District  No. 4—97—0348

Opinion filed December 8, 1997.—Rehearing denied January 15, 1998.

350

David B. Mueller (argued) and Christopher F. Cassidy, of Cassidy & Mueller, of Peoria, for appellant.

James L. Hafele and Scott E. Umland, both of James L. Hafele & Associates, P.C., of Peoria, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

On July 9, 1996, plaintiffs John P. Pearl, individually and as a

trustee, and John P. Pearl & Associates filed a fourth-amended complaint in the circuit court of Peoria County against William Waibel, alleging fraud in the sale of land. The trial court dismissed the complaint with prejudice, ruling the fourth-amended complaint failed to relate back to the original complaint and thus violated the statute of limitations. Plaintiffs filed a motion pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), requesting the trial court find no just reason for delaying the appeal of the dismissal of his claims against Waibel with prejudice. The trial court granted plaintiffs' motion, and Pearl appealed. On appeal, Pearl contends the trial court erred in finding the fourth-amended complaint did not relate back to the original complaint. We agree and reverse.

On January 7, 1993, plaintiffs filed a complaint against Waibel and Cullinan Properties, Ltd. (Cullinan Properties). According to the complaint, in approximately 1989, Pearl began actively considering possible sites for an office building for John P. Pearl & Associates. In the years before his search, Waibel repeatedly urged Pearl to purchase his property (Waibel property). Plaintiffs entered an oral agreement with Cullinan Properties, through either or both Diane Cullinan and Larry Weber, to act as plaintiffs' broker in this search. When Pearl indicated to Waibel plaintiffs' interest in purchasing the Waibel property, Pearl learned Waibel had entered into a listing agreement with Cullinan Properties. Waibel was aware of plaintiffs' needs through his agent, Cullinan Properties.

Waibel knew of the material defects in the Waibel property, *i.e.*, the property was covered with fill from the construction of Route 6, the fill made the property more expensive than usual for construction of an office building, and thus it was unsuitable for an office site. Neither Waibel nor Cullinan Properties informed plaintiffs of this defect prior to closing.

The complaint further alleged plaintiffs submitted an offer for the Waibel property through Cullinan Properties on June 10, 1989. Five days later, Waibel accepted plaintiffs' offer via Cullinan Properties. From that point on, Cullinan Properties served as the broker and agent for both Waibel and plaintiffs in the sale of the property. On January 9, 1990, Waibel conveyed the property to Pearl, as trustee for the Pearl Enterprises Land Trust/Partnership Agreement. In or about April 1991, plaintiffs learned for the first time the fill on the property made it more costly for development.

The original complaint contained three counts: (1) fraud, (2) breach of fiduciary duty, and (3) negligent misrepresentation. In count I, plaintiffs contended they relied on Waibel to provide material information regarding the suitability of the property as an office

site and he intentionally failed to disclose the property was covered with fill. In count II, plaintiffs alleged Cullinan Properties breached its duty to discover and provide plaintiffs with the material information regarding the Waibel property. In count III, plaintiffs alleged Cullinan Properties, aware of plaintiffs' specific needs, represented the Waibel property was suited for those needs.

Cullinan Properties moved to dismiss the complaint, arguing counts II and III failed to state a cause of action. The trial court granted its motion on April 30, 1993, and granted plaintiffs leave to replead. Waibel filed a motion to dismiss count I of the original complaint. The record provides no indication on how Waibel's motion was resolved, whether with an order or a voluntary dismissal.

On June 1, 1993, plaintiffs filed their first-amended complaint against Waibel and Cullinan Properties. According to the first-amended complaint, plaintiffs and Cullinan Properties entered into an oral agreement Cullinan Properties would act as plaintiffs' broker and agent in finding an office site. Pearl learned Waibel entered into a listing agreement with Cullinan Properties. The listing agreement between Waibel and Cullinan Properties terminated on December 1, 1988. Waibel knew through his agent Cullinan Properties of plaintiffs' specific needs.

Weber and Cullinan informed plaintiffs another company was expected to make an offer on the property very soon and they solicited plaintiffs to make an offer on the Waibel property. A listing prepared by Cullinan Properties with the Peoria County board of realtors indicated the property was being farmed. In June 1989, Cullinan informed plaintiffs they had no time to have the property appraised because unless plaintiffs purchased it quickly, "out-of-town buyers" would purchase the Waibel property within a few days. Cullinan urged plaintiffs to make an immediate offer, without an appraisal or investigation from anyone other than Cullinan Properties. Plaintiffs received an environmental disclosure document from Waibel on or about November 30, 1989, indicating the property was "unimproved farm land" and no "landfill" existed on the property.

Count I of the first-amended complaint repeated the allegations of fraud against Waibel, alleging an intentional failure to disclose. Counts II and III alleged a breach of fiduciary duty and negligent misrepresentation, respectively, against Cullinan Properties. Count III maintained Cullinan Properties represented to plaintiffs the Waibel property was suited to plaintiffs' needs for an office site.

On April 21, 1994, the trial court granted plaintiffs' motion for a voluntary dismissal. The trial court ordered all claims against Cullinan Properties and Waibel dismissed without prejudice (735 ILCS 5/2—1009 (West 1994)).

Plaintiffs filed a second-amended complaint on May 11, 1994, against Waibel. We note although Cullinan Properties was listed as a defendant at the top of the complaint, the allegations of the second-amended complaint were directed solely at Waibel. Count I sought rescission of the contract, whereas count II sought damages. Counts I and II of the second-amended complaint made no new allegations of fact relevant to this appeal. On September 30, 1994, however, the trial court granted plaintiffs leave to file count III of their second-amended complaint. Count III alleged negligent misrepresentation and concealment against Waibel. Count III included the following allegation:

"At all relevant times Defendant was guilty of one or more of the following negligent misrepresentations and/or concealments: \*\*\* (c) Indicating through its agents that the property was suitable for commercial development without additional cost."

The trial court struck counts I and II with leave to amend for plaintiffs' failure to allege a misrepresentation or silence combined with active concealment. Citing *Tan v. Boyke*, 156 Ill. App. 3d 49, 58-59, 508 N.E.2d 390, 396 (1987), the trial court struck count III with leave to amend for plaintiffs' failure to allege Waibel was "in the business of supplying information for the guidance of others in their business transaction."

On September 27, 1995, plaintiffs filed a response to Waibel's request to admit facts and to his interrogatories corresponding to request to admit facts. In the first, Pearl denied plaintiffs' claims of fraud were solely based on Waibel's silence. In the latter, Pearl explained Waibel's statement the property was tillable conveyed to him the property was in its natural state. Waibel's agents, who represented the Waibel property was suitable for the development of an office building, confirmed Pearl's impression, thus concealing the presence of fill and leading Pearl to believe no fill existed.

Plaintiffs' third-amended complaint, filed November 17, 1995, as the second-amended complaint, alleged counts for rescission, damages, and negligent misrepresentation and concealment against Waibel. According to counts I and II of the third-amended complaint, Waibel and his agents represented the 49 acres constituting the Waibel property were "tillable and therefore in the same natural state and condition as other property in the area." Count III alleged Waibel was guilty of one or more of the following misrepresentations:

"(a) Describing the property as tillable;

(b) Representing that the property was not covered with fill material which altered its natural state;

(c) Holding the property out as being in its natural tillable condition;

(d) Indicating through his agents that the property was suitable for commercial development without additional cost."

On June 18, 1996, the trial court struck counts I and II of the complaint without prejudice for plaintiffs' failure to plead the facts of what misrepresentations were made, when they were made, who made them, and to whom they were made with sufficient particularity. The trial court, however, dismissed with prejudice count III, because plaintiffs again failed to allege Waibel was in the business of supplying information for the guidance of others in business transactions and the trial court found plaintiffs unable to plead such facts.

The fourth-amended complaint, filed on July 9, 1996, alleged two counts against Waibel. Count I requested rescission, while count II requested damages. According to the complaint, Waibel retained Cullinan Properties as his agent for the purpose of selling the Waibel property. Waibel knew the property had been covered with fill, because he had made an agreement with the State of Illinois for that purpose and had been compensated. At all times Waibel knew the fill rendered the property unsuitable for commercial development as contemplated by Pearl, because the costs of development increased greatly, and he represented the property was suited for plaintiffs' purpose. Waibel furnished an appraisal report and represented Pearl could rely upon it as an accurate depiction of the property.

The complaint also alleged Waibel made the following misrepresentations via his agent, Cullinan Properties, and its employees, Larry Weber, Richard Field, and Diane Cullinan. Diane Cullinan, when presenting Waibel's appraisal to Pearl, told Pearl he need not get an appraisal because the one she presented "tells you everything you need to know about the property." In April through June 1989, Weber, Field, and Diane Cullinan made the following misrepresentations to Pearl, Eugene Retzer, Michael Bartley, Lynn Miles, and other John P. Pearl & Associates employees: (1) the property was "ideal" for future commercial development; (2) the property was suitable for Pearl's commercial development; and (3) the property would be an appropriate site for Pearl's office complex. Weber, Field, and Cullinan informed Pearl other competitors would make offers if Pearl did not act before June 15, 1989. In August 1989, agents of Waibel, including Cullinan and Field, repeated the misrepresentations regarding the Waibel property for commercial development to Pearl and Retzer.

On July 15, 1996, Waibel filed a motion to dismiss the fourth-amended complaint. Waibel argued the following: (1) plaintiffs failed to plead facts with sufficient particularity; (2) the complaint contained vague allegations and innuendo; (3) plaintiffs' allegations were con-

tradictory; (4) plaintiffs failed to allege specific facts to establish "what role agency play[ed] in this case"; (5) fraud is not a necessary or probable inference from the alleged facts; (6) opinion cannot form the basis of fraud; (7) Waibel could not have known the specific use intended for the property; and (8) plaintiffs' new allegations were barred by the five-year statute of limitations. The trial court initially denied defendant's motion. On December 4, 1996, however, the trial court found the fourth-amended complaint failed to relate back to the original complaint. The trial court concluded the original complaint was based upon Waibel's silence, whereas the latter was based on active misrepresentation by Waibel or his alleged agents.

> "Plaintiffs['] pleading of silence does not direct the defendant's attention to facts that form the basis of the amended claim. The original complaint did not afford the defendant all the information necessary for him to prepare a defense to the subsequent amended claim. Rather, the original complaint directed the defendant in the opposite direction. Now after several years and the passing of the statute of limitations, plaintiffs direct the defendant to active misrepresentation rather than silence."

The trial court dismissed the case pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1994)). On February 28, 1997, Waibel filed a motion for sanctions. On April 8, 1997, plaintiffs filed a motion pursuant to Rule 304(a), alleging Waibel's motion rendered the appeal filed on February 27, 1997, premature. Plaintiffs requested a Rule 304(a) finding. The trial court allowed plaintiffs' motion and found no just reason to delay enforcement or appeal of the order dismissing the suit on April 15, 1997. Plaintiffs filed timely notice of appeal on April 18, 1997.

On appeal, plaintiffs allege "[t]his is and has always been a claim of misrepresentation in the sale of an identified tract of land during a specific time period." Plaintiffs argue each of their pleadings alleged Waibel had knowledge of the fill and its effect on the property. The concealment, coupled with misrepresentations, represented the property was suited for the commercial use intended by Pearl. Pearl notes the focus in the fourth-amended complaint is primarily on the misrepresentations, while in the original complaint the focus was on the concealment with the deceptive statements. Pearl maintains, however, the original complaint contained allegations of deceptive statements.

In Illinois, the statute of limitations for a claim of common law fraud is five years. *Gilbert Brothers, Inc. v. Gilbert*, 258 Ill. App. 3d 395, 400, 630 N.E.2d 189, 193 (1994). Section 2—616(b) of the Code permits the relation back of an amended complaint to avoid the stat-

ute of limitations if two mandates are satisfied: (1) the plaintiff timely filed the original complaint and (2) the original and amended pleadings indicate the cause of action asserted in an amended pleading grew from the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2—616(b) (West 1994); *Boatmen's National Bank v. Direct Lines, Inc.*, 167 Ill. 2d 88, 101-02, 656 N.E.2d 1101, 1107 (1995). In deciding whether a claim relates back under our practice act, the focus is on identifying the occurrence or transaction that is the basis of a claim, grounded upon the belief that if a defendant has been alerted to the occurrence or transaction, "he can prepare to meet the plaintiff's claim, whatever theory it may be based on." *Zeh v. Wheeler*, 111 Ill. 2d 266, 279, 489 N.E.2d 1342, 1348 (1986). Section 2—616(b) is remedial in nature and should be liberally construed by the courts in favor of hearing the merits of a plaintiff's claim. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 106, 672 N.E.2d 1207, 1223 (1996).

■ We read section 2—616(b) in accordance with the policy underlying the statute of limitations, giving defendant opportunity to investigate while evidence is still available. So long as defendant's attention has been directed to the facts forming the basis of the claim against him within the prescribed time, he will not be prejudiced. *Steinberg v. Dunseth*, 276 Ill. App. 3d 1038, 1044-45, 658 N.E.2d 1239, 1245 (1995). The Supreme Court of Illinois in *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 47, 570 N.E.2d 327, 329 (1991), noted the Code is to be liberally construed when no prejudice to a defendant is shown. *Brooks v. Essex Crane Rental Corp.*, 233 Ill. App. 3d 736, 744, 599 N.E.2d 111, 115 (1992). In *Wolf*, the original pleading contained an incorrect location of the accident at issue. A later pleading, untimely filed, changed the location. *Wolf*, 143 Ill. 2d at 45-46, 570 N.E.2d at 328. The defendants, however, conceded notice of the correct location, and the court noted deposition testimony and documents produced in response to production requests provided defendants this notice. The court determined where the defendants had notice, even from outside the pleadings, of the correct location prior to the expiration of the statute of limitations, no prejudice resulted and the amendment related back. *Wolf*, 143 Ill. 2d at 46, 47-48. The fifth district determined the *Wolf* decision permits relation back when defendant was alerted to the actual transaction or occurrence prior to the expiration of the statute of limitations. *Weber v. Cueto*, 253 Ill. App. 3d 509, 521, 624 N.E.2d 442, 451 (1993).

■ Waibel concedes the original complaint was timely filed, but he contends the same occurrence or transaction rule precludes a plaintiff from introducing new specific facts on liability after the stat-

ute of limitations expired. In support of his contention, Waibel cites entire cases stating relevant law, similar to the language used by this court above. See *Bryson*, 174 Ill. 2d at 108, 672 N.E.2d at 1224; *Boatmen's*, 167 Ill. 2d at 101-03, 656 N.E.2d at 1107-08; *Zeh*, 111 Ill. 2d at 279, 489 N.E.2d at 1345; *Doherty v. Cummins-Allison Corp.*, 256 Ill. App. 3d 624, 628 N.E.2d 731 (1993); *Weber*, 253 Ill. App. 3d at 516, 624 N.E.2d at 448; *Smetzer v. County of La Salle*, 53 Ill. App. 3d 741, 368 N.E.2d 933 (1977). None states what defendant alleges.

According to the case law, what is important is defendant's attention be *directed to the facts* within the prescribed time. *Boatmen's*, 167 Ill. 2d at 102, 656 N.E.2d at 1107; *Zeh*, 111 Ill. 2d at 273, 489 N.E.2d at 1345; *Steinberg*, 276 Ill. App. 3d at 1044-45, 658 N.E.2d at 1245; *Weber*, 253 Ill. App. 3d at 516, 624 N.E.2d at 448. Although plaintiffs' original complaint may not have survived a motion for lack of specificity, it certainly directed Waibel's attention to the facts within the prescribed time period. The original complaint indicated plaintiffs were seeking to hold Waibel liable for his conduct during the sale of the Waibel property. Plaintiffs highlighted the alleged concealment by Waibel, as well as a misrepresentation by Cullinan Properties, alleged to be Waibel's agent. Later timely filed complaints and discovery focused Waibel's attention on the purported agency relationship and misrepresentations. Despite Waibel's contentions, Waibel's attention clearly was directed to the communications and conduct of himself and his alleged agents surrounding the sale of the property.

Waibel notes, however, in the original and first-amended complaints the only counts against him concerned his silence. Waibel argues these counts did not provide him notice to investigate the facts in the fourth-amended complaint. We disagree. Although the allegations of misrepresentations occurred in other counts against Cullinan Properties, these counts were in the same complaints served on Waibel and against a party alleged to be Waibel's agent.

Waibel next argues, as did the defendants in *Yette v. Casey's General Stores, Inc.*, 263 Ill. App. 3d 422, 635 N.E.2d 1091 (1994), and *Heyen v. Sanborn Manufacturing Co.*, 223 Ill. App. 3d 307, 584 N.E.2d 841 (1991), he was not apprised the newly alleged conduct was the basis of the claim against him and thus the fourth-amended complaint does not relate back. In *Yette*, the plaintiff's original complaint contained allegations he fell on an ice accumulation the defendant neglected to salt. The amended complaint, filed after the statute of limitations expired, alleged an unnatural accumulation of ice occurred on the sidewalk as a result of the building's design. *Yette*, 263 Ill. App. 3d at 425, 635 N.E.2d at 1093. This court held the amended

pleadings contained conduct other than alleged in the original complaint and "for which defendant had no notice." *Yette*, 263 Ill. App. 3d at 426, 635 N.E.2d at 1094.

In *Heyen*, the plaintiff's original complaint alleged the defective nature of an air compressor. The amended complaint charged the defendant with failing to inform plaintiff adequately of the air compressor's dangerous condition and failing to give the plaintiff notice of a recall. *Heyen*, 223 Ill. App. 3d at 310, 313, 584 N.E.2d at 842, 845. This court held the allegations of the defective nature of the compressor did not sufficiently alert the defendant to a possible contention of its failure to inform or of knowledge of the dangerous condition. *Heyen*, 223 Ill. App. 3d at 313, 584 N.E.2d at 845.

Despite Waibel's contentions, this case is distinguishable. In *Yette* and *Heyen*, there is no indication the attention of the defendants was directed to the facts forming the basis of the latter claims. In this case, as we have already determined, given the allegations in the timely filed pleadings and in discovery of an agency relationship and of misrepresentations, Waibel's attention was directed to the possibility he may be charged with this conduct.

Waibel further contends the fourth-amended complaint provided its first notice plaintiffs sought to hold him liable for misrepresentations in the appraisal report. Waibel argues the mere presence of the report in discovery failed to provide him notice to investigate and preserve evidence. We disagree with Waibel's contentions. The existence of the appraisal report coupled with allegations of misrepresentations and concealment during the sale of the Waibel property should have alerted Waibel to investigate all communications with Pearl. As Waibel's brief indicates, the appraisal report surfaced in discovery as a result of a request regarding communications between the parties. Plaintiffs made allegations of statements referring to the land as tillable, a statement included in the appraisal report. Given these facts, we find Waibel was sufficiently alerted to the fact the appraisal report, a written communication between the parties, may serve as evidence in a claim against him.

Waibel contends he was not on timely notice Pearl would seek to hold him vicariously liable for Cullinan Properties' misrepresentations. That plaintiffs have changed their theory is not significant. *Steinberg*, 276 Ill. App. 3d at 1046, 658 N.E.2d at 1246; *Weber*, 253 Ill. App. 3d at 516, 624 N.E.2d at 448; see also *Zeh*, 111 Ill. 2d at 279, 489 N.E.2d at 1348. Waibel had timely notice of the alleged agency relationship and of the alleged misrepresentations made by Cullinan Properties. In addition, the second- and third-amended complaints clearly established plaintiffs' intent to hold Waibel responsible for the actions of his purported agent.

From the original pleading against Waibel, the focus was placed upon his concealment of material facts relating to the Waibel property, while additional focus was placed on an alleged misrepresentation by Cullinan Properties, Waibel's purported agent. Later timely pleadings focused more upon the misrepresentations by Cullinan Properties and Waibel in Waibel's liability to plaintiffs. Throughout the pleadings and discovery, Waibel's attention was directed to facts and allegations contained in the fourth-amended complaint. We conclude Waibel will not be prejudiced in preparing his defense because of a slight change of focus. See *Brooks*, 233 Ill. App. 3d at 745, 599 N.E.2d at 116.

Reversed and remanded.

GREEN and STEIGMANN, JJ., concur.