PAUL KAKURIS, Plaintiff-Appellant, v. JOSEPH KLEIN et al., Defendants-Appellees.

First District (5th Division)    No. 79-108

Opinion filed September 12, 1980.

Sidney Z. Karasik, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Thomas M. Crisham, and Kevin R. Sido, of counsel), for appellees Joseph Klein and Chicago Area Council, Boy Scouts of America.

Peterson, Ross, Schloerb & Seidel, of Chicago (John W. McCullough, Ellen J. Kerschner, and Richard R. Ryan, of counsel), for appellee Retail Credit Company.

Mr. JUSTICE LORENZ delivered the opinion of the court:

After being discharged, plaintiff brought a defamation action against Chicago Area Council, Boy Scouts of America (Boy Scouts), his former employer, Joseph Klein (Klein), his supervisor and Retail Credit Company (Retail Credit), a credit collecting and reporting company, for allegedly defamatory statements concerning his job performance which were published by Boy Scouts and Klein and republished by Retail Credit. Defendants' motion to strike and dismiss plaintiff's second amended complaint for its failure to state a cause of action was granted by the trial court. Plaintiff appeals.

The following issues are raised for our review: (1) whether statements made by Klein in response to Retail Credit's questionnaire concerning

plaintiff are libelous as a matter of law; (2) whether the statements, if libelous, are nonactionable as qualifiedly privileged; (3) whether all causes of action against Klein and Boy Scouts based upon publications specified in count I of plaintiff's second amended complaint are barred by the statute of limitations; (4) whether those publications, if not barred by the statute of limitations, support a cause of action for defamation; (5) whether count II of plaintiff's second amended complaint as against Retail Credit is barred by the statute of limitations; (6) whether statements contained in Retail Credit's "Character-Financial Report" are libelous as a matter of law; and (7) whether those statements are nonactionable as qualifiedly privileged.

Plaintiff's second amended complaint alleged that he was formerly employed as a district scout executive of Boy Scouts. Klein was Boy Scouts' chief executive officer and was generally responsible for supervising administrative functions throughout the Chicago Area Council territory. During plaintiff's six-year tenure at Boy Scouts, he engaged in various union-organizing activities. Klein, dissatisfied with these efforts, threatened plaintiff with termination unless he personally subscribed to defendant's antiunion policies. In August of 1973, plaintiff was instrumental in exposing membership irregularities and the falsification of membership records in the Chicago Area Council along with the misuse of Federal "Model City" funds by Boy Scouts. This exposé led to an investigation and report of the incidents by the Chicago Tribune and other newspapers. In retaliation for his union-organizing activities, plaintiff was terminated in November of 1973.

Thereafter, plaintiff sought work with two prospective employers, but was purportedly refused employment because of allegedly defamatory information concerning his job performances which was furnished them in a report from Retail Credit. According to plaintiff, Retail Credit supplied this report without adequately investigating its accuracy. The information contained therein was primarily based on an "employment verification" questionnaire sent to Boy Scouts and completed by Klein.

Boy Scouts and Klein filed a motion to dismiss count I of the second amended complaint on the grounds that the statements made were subject to innocent construction and were privileged. They also argued that actions based on various other publications which were tested on an exhibit to the second amended complaint were barred by the statute of limitations. Retail Credit filed a motion to dismiss count II of the second amended complaint. It alleged similar grounds for dismissal, and added that plaintiff's action was barred under an estoppel theory. Plaintiff had included Retail Credit in the original and second amended complaint, but failed to assert a cause of action against it in the first amended complaint. Retail Credit argued that plaintiff was estopped to replead an action against it in the second amended complaint on the basis of an affidavit of

Retail Credit's attorney that it had reason to believe, after dismissal of the original complaint, that it was no longer a defendant in the suit.

The trial court granted defendants' motions and dismissed both counts of plaintiff's second amended complaint with prejudice.

We must initially decide whether the statements by Klein in response to Retail Credit's questionnaire are defamatory as a matter of law.

In the questionnaire, defendants were directed to supply "yes" or "no" answers to questions regarding plaintiff, and to give explanations for answers if in the negative. The answers at issue were responses to the following questions: (1) "Was work record satisfactory?" and (2) "Would you re-employ?" Klein answered both questions negatively. In compliance with the instructions, he added to the first answer: "Lack of achievement in basic goals." To the second, Klein furnished the following explanation: "Mr. Kakuris did not have the qualifications needed to achieve the objectives of the profession." It is plaintiff's contention that these answers are libelous as a matter of law because they prejudice plaintiff in his profession or trade.

■■ In this jurisdiction, a writing is not defamatory if it may be given an innocent construction. Under this rule, a writing is to be read as a whole and the words given their natural and obvious meaning, and the words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law. (*John v. Tribune Co.* (1962), 24 Ill. 2d 437, 442, 181 N.E.2d 105, 108, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148.) This determination is a question of law to be resolved by the trial court. (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 243 N.E.2d 217.) The words under scrutiny are to be stripped of innuendo (*Zeinfeld*), and must be read in their best possible sense. *Wexler v. Chicago Tribune Co.* (1979), 69 Ill. App. 3d 610, 387 N.E.2d 892.

■■ Viewed in their entirety, defendants' answers to Retail Credit's questionnaire can be innocently construed and are, therefore, nonactionable. At the onset, we note the broad, general nature of the responses provided by Klein to the questionnaire. The answers at issue merely expressed an opinion that plaintiff proved to be unsatisfactory in his role as a district scout executive. They did not impugn his abilities to function in an executive capacity for another employer at a future date. In fact, in response to an inquiry on the questionnaire to list plaintiff's outstanding traits or abilities, Klein stated: "attractive" and "sales-oriented." Plaintiff's evaluation when read as a whole can be construed as suggesting that plaintiff possessed desirable traits, but for unspecified reasons, failed to adequately perform in his specialized role with Boy Scouts. Not every expression of opinion touching on a person's capabilities or qualifications constitutes a defamation no matter how much the complained of statement may injure the subject person in his own conception. (*Anagnost v. Chicago Bar*

*Association* (1980), 83 Ill. App. 3d 466, 404 N.E.2d 326; *Byars v. Kolodziej* (1977), 48 Ill. App. 3d 1015, 363 N.E.2d 628.) Therefore, we conclude that although all of the answers are not entirely complimentary in nature, they are capable of being read in a nondefamatory fashion and will be interpreted as such by this court.

Plaintiff also argues that there has been a recent trend by the courts of this State to erode the innocent construction rule, and that this court should not apply the rule to the present case. We observe, however, that the innocent construction rule enjoys continued vitality in Illinois (*Bravo Realty, Inc. v. Columbia Broadcasting Systems, Inc.* (1980), 84 Ill. App. 3d 862, 406 N.E.2d 61 ; *Adreani v. Hansen* (1980), 80 Ill. App. 3d 726, 400 N.E.2d 679), and has been said to have the desirable benefits of encouraging the robust discussion of daily affairs. (*Dauw v. Field Enterprises, Inc.* (1979), 78 Ill. App. 3d 67, 397 N.E.2d 41.) The appellate court is not the appropriate forum to seek a change in this well-established rule. (*Vee See Construction Co. v. Jensen & Halstead, Ltd.* (1979), 79 Ill. App. 3d 1084, 399 N.E.2d 278.) Accordingly, we will not abandon the rule unless so directed by our supreme court. Because we have found defendant's answers to be nondefamatory, we need not reach the question of whether they are qualifiedly privileged.

Plaintiff next contends that various publications listed on Exhibit "A" to his second amended complaint are defamatory and not barred by the statute of limitations.

Plaintiff's second amended complaint was filed on April 14, 1976. The alleged defamatory statements were made on the following dates: October 9, 1973, October 11, 1973, March 18, 1974, and August 14, 1974. The March 18, 1974, statements are Klein's answers to Retail Credit's questionnaire and need no further discussion. Each of the remaining publications occurred more than one year prior to the filing of the second amended complaint and falls subject to the one-year statute of limitations for libel. (Ill. Rev. Stat. 1973, ch. 83, par. 14.) Plaintiff argues, however, that these publications are not barred by the statute of limitations because they "relate back" to July 5, 1974, the date the original complaint was filed.

Section 46(2) of the Illinois Civil Practice Act provides in relevant portion:

> "The cause of action, * * * set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, *and if it shall appear from the original and amended pleadings that the cause of action asserted * * * grew out of the same transaction or occurrence set up in the original pleading,* * * * and for the purpose of preserving as afore-

said the cause of action * * * set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 110, par. 46(2).)

Under this section, the statute of limitations is not a bar to subsequent amendments even though a new or different type of cause of action is stated, as long as the original and amended pleadings grew out of the same occurrence or transaction. (*Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 289 N.E.2d 481.) The decision of whether to allow the relation back of an amendment does not depend on the subjective frame of mind of the pleader, but depends on whether the original complaint furnishes to the defendant all of the information necessary to prepare its defense to the claim subsequently asserted in the amended complaint. *Krieger.*

Plaintiff asserts that the requirements of section 46(2) are met in this case. It is not disputed that the original complaint was timely filed. According to plaintiff, the original complaint put defendants on notice of all grievances he had with Klein and Boy Scouts arising out of their employment relationship. These grievances were later supplemented in plaintiff's second amended complaint by the publications in question. The latter complaint cites the publications as specific examples of the defamatory "campaign" launched against plaintiff by his former employers. Plaintiff argues that these publications relate back to the date of the filing of the original complaint because they grew out of the same transaction or occurrence originally pleaded—the ongoing malicious course of conduct by defendants to destroy plaintiff's reputation and prevent his future employment.

A brief summary of the publications aids our discussion of this issue. The October 9, 1973, statements took place at a meeting between Klein and Joseph L. Anglim, Regional Scout Director. Klein told Anglim the content of a meeting he had with one Earl Grimm. Klein related to Anglim that "Mr. Grimm indicated that he * * * had some concerns about the executive ability of District Executive Paul Kakuris and was not really sure just how hard Paul worked at his job." The October 11, 1973, statement was made by Anglim, with the concurrence of Klein, at a meeting with plaintiff. They lectured plaintiff that:

"* * * along with the privilege of a supervisor's role on the Council's staff, went the right of the Council to demand complete loyalty to its mission and that at such times problems and concerns arose, the management of the Council stood ready to resolve those concerns within the management circle."

Finally, there were two statements that occurred on August 14, 1974. These

statements took place after the filing of the original complaint. Nevertheless, they were not even mentioned in plaintiff's amended complaint filed on April 28, 1975. The first one was part of a summary of an interview of Klein contained in a report by the Chicago Area Council. Klein was questioned about the truthfulness of the Chicago Tribune exposé relating to the alleged improprieties in the Boy Scout organization. Klein stated that he could not accept the allegations in the story as correct and undertook to explain "how the *Chicago Tribune* story came about." Klein stated that the Tribune interviewed plaintiff and that, "Mr. Kakuris had been removed from a district three years ago at the insistence of volunteers. He was then assigned a difficult neighborhood which he did not like." The remaining statements were made later that day, when Klein stated that the articles in the Tribune were untrue, that Klein "corrected the problem" and that he "was surprised when Mr.Kakuris had brought it to the surface."

It is our opinion that these publications do not grow out of the occurrence described in the original complaint and thus do not relate back under section 46(2). While plaintiff's second amended complaint alleged that defendants perpetrated an ongoing defamatory "campaign" against plaintiff, no such allegations were made in the original complaint, which only specifically referred to the March 18, 1974, statements and their effect on his re-employment efforts. Rather, each alleged defamatory statement in the second amended complaint constituted a separate cause of action arising from distinct circumstances. In addition, none of these publications was mentioned in the original complaint, with the exception of a general reference to the October 11, 1973, statement. Yet, that particular reference in the original complaint failed to specify that a defamatory remark was made or that it was published to a third party; it only alleged that plaintiff was threatened with termination for his union-organizing involvements. Evidence of any one of the publications standing alone does not support a cause of action for any of the others. Accordingly, it cannot be said that the original complaint furnished defendants with information necessary to prepare its defense to the various claims subsequently asserted.

■■ The primary purpose of a limitations period is to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160.) The need to limit a party from tardily commencing a defamation action is crucial in a situation such as the present one where the utterances were spoken rather than written, with the attendant difficulties in preserving and investigating evidence. Because plaintiff was not diligent in presenting his claims, which did not relate back under section 46(2), we hold that the causes of action are time-barred.

Even if the allegations were timely presented, they would be of no aid to plaintiff because they too are nondefamatory under the innocent construction rule. The October 9, 1973, statement is similar to one found to be nonactionable in *Valentine v. North American Co. For Life & Health Insurance* (1974), 60 Ill. 2d 168, 328 N.E.2d 265. There, an officer of defendant referred to plaintiff as a "lousy agent" subsequent to plaintiff's discharge from the company. The court innocently construed the statement to convey that plaintiff did not properly or satisfactorily represent the company and that there had been a generally unsatisfactory agency relationship. The October 9, 1973, statement can be likewise interpreted as an opinion that plaintiff's relationship with the company was less than adequate, and that he failed to devote the required amount of time to his tasks. The October 11, 1973, statement merely announced the policies of Boy Scouts and its expectations of all employees. It failed to specifically mention plaintiff, his involvement with union-organizing activities or his alleged cooperation with the Chicago Tribune. The comments of August 14, 1974, merely involved Klein's reaction to the Tribune story. The statement made no reference to plaintiff's role in the story, and did not reflect adversely on his executive abilities. Also, plaintiff's transfer to another district was not attributed to any misconduct on his part. Since the publications are capable of innocent construction, we need not decide the question of whether they are qualifiedly privileged.

Plaintiff also contends that count II of his second amended complaint as against Retail Credit was erroneously dismissed by the trial court. We, therefore, turn to this final issue.

According to plaintiff's second amended complaint, Retail Credit is in the business of credit reporting, and compiles and maintains credit and financial records on individuals for prospective employers. Retail Credit prepared a "Character-Financial Report" concerning plaintiff and published the report to two of his prospective employers. Contained in this report were remarks made by Klein about plaintiff during an interview with Retail Credit. The report stated in relevant part:

> "When we first contacted employment supervisors we were informed that the subject had been employed as a district scout executive. A district scout executive's main function is to 'open doors for scouting' by contacting parents and organizations. In addition to this, the district scout executives have charge of the annual fund raising campaigns for the boy scouts. When we asked whether or not the subject would be eligible for rehire, we were told that the answer to this would be no. When we attempted to develop the reasons for this, we were informed that any further information would have to be only as an answer to a written request for employement verification. We did hand-carry such a request, and it

was answered as follows: Q: 'Was work record satisfactory? A: No. Reason: Lack of achievement of basic goals.' Attendance record is shown as having been satisfactory. The reason for leaving is shown as 'terminated by Council.' It is indicated that he would not be re-employed and, the reasons is shown that Mr. Kakuris did not have the qualifications needed to achieve the objectives of the profession. During our original conversation, when we inquired in regard to the subject's honesty and integrity, sources refused to comment."

We have previously decided that the two comments made by Klein in response to the questionnaire which were mentioned in the report are nondefamatory. Hence, Retail Credit's republication of those statements cannot constitute libel. Therefore, we will only consider plaintiff's contention that his reputation for honesty and integrity was impliedly defamed when Retail Credit reported that his former employer refused to comment on that topic.

■■ Although Retail Credit advanced several theories in defense of its report at trial and on appeal (*i.e.*, innocent construction, qualified privilege, statute of limitations), only one needs to be discussed. Simply stated, the report is subject to the innocent construction rule because plaintiff's employer's failure to offer an opinion on plaintiff's honesty and integrity can be attributed to his lack of a basis for an opinion as well as a reluctance to reveal defamatory knowledge. Statements made elsewhere in the report support this conclusion. For instance, Klein indicated that there was no criticism of plaintiff's "honesty, fair dealings, character or reputation." Klein replied in the same fashion to an inquiry concerning any "criticisms of [plaintiff] due to illegal activities, domestic trouble, morals or habits." Lastly, Klein answered "no" to the question: "[Are there] any factors that may adversely affect doing business with [plaintiff]?" We conclude that Klein's refusal to comment on plaintiff's virtues, when viewed in the context of the entire report, is not defamatory. On this basis the trial court properly dismissed count II of plaintiff's second amended complaint.

Accordingly, the judgment of the circuit court is hereby affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.