ALBERT SEIBERT, Plaintiff-Appellant and Cross-Appellee, v. BERNARD R. CAHILL et al., Defendants-Appellees and Cross-Appellants.

Third District   No. 3—87—0804

Opinion filed August 15, 1988.

Ruddy, Myler, Ruddy & Fabian, of Aurora (John Noble and Donald J. Fabian, of counsel), for appellant.

J. Kevin Wolfe, of Heyl, Royster, Voelker & Allen, of Peoria (Rex K. Linder, of counsel), for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, Albert Seibert, sued the defendant, Dr. Bernard R. Cahill, alleging he was negligent in treating him for an injury he sustained in an employment-related accident. The trial court dismissed the plaintiff's complaint, ruling it was barred by the applicable statute of limitations contained in section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—212). This appeal follows.

After being injured on July 23, 1982, the plaintiff sought treatment from Dr. Cahill, of Orthopedic Associates of Peoria, S.C. Dr. Cahill continuously treated the plaintiff from July 23, 1982, through May

3, 1985. The plaintiff in his original complaint claimed Dr. Cahill was negligent when he punctured the plaintiff's tibial artery while inserting a pin therein on January 9, 1984. Attached to the plaintiff's complaint was counsel's affidavit indicating he was unable to obtain the requisite medical consultation in time to prevent the statute of limitations from running. On August 6, 1986, the plaintiff filed the required medical report.

On June 16, 1987, the plaintiff was granted leave to file an amended complaint which he did *instanter*. The plaintiff, through his amended complaint, charged Dr. Cahill with negligence in treating him on August 2, September 3, and September 24, 1982, during the initial stage of treatment; however, his amended complaint failed to state the defendant was negligent in puncturing his artery while performing surgery on January 9, 1984. Defendant motioned to dismiss plaintiff's amended complaint on June 23, 1987, alleging it was barred by the applicable statute of limitations and that plaintiff failed to concurrently file the requisite affidavit with the complaint. The plaintiff filed the required affidavit on September 21, 1987.

The plaintiff argues the continuous treatment he received from Dr. Cahill constituted a single transaction and related back to the original complaint. Therefore, his cause of action did not accrue until Dr. Cahill completed treating the plaintiff. The plaintiff contended his complaint was timely filed.

The trial court found the plaintiff's amended complaint alleged a new cause of action; therefore, it was barred by the statute of limitations.

The trial court correctly ruled the plaintiff's action was barred by section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—212). Plaintiff's amended complaint filed on June 16, 1987, alleging Dr. Cahill's negligence which occurred more than four years earlier, did not relate back to the original complaint, which alleged medical negligence during surgery on January 9, 1984. Section 13—212 of the Code of Civil Procedure provides:

"[N]o action for damages for injury or death against any physician, dentist, registered nurse, or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such

action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." Ill. Rev. Stat. 1987, ch. 110, par. 13—212.

■■ ■ There are various public policy reasons that the legislature enacted this four-year maximum on medical malpractice actions. One reason is to prevent extended exposure to liability in medical malpractice cases. (*Roberson v. Taylor* (1983), 115 Ill. App. 3d 587, 591, 451 N.E.2d 16, citing *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 240, 447 N.E.2d 408 (Ryan, C.J., specially concurring).) It is apparent from the language of the statute this four-year limit is an absolute limit. Plaintiff's amended complaint was filed nearly five years after the alleged medical negligence occurred as complained of in his amended complaint. Obviously, the negligence alleged occurred without this four-year limit, and the trial court was correct in dismissing plaintiff's amended complaint as failing to satisfy the statute of limitations.

If plaintiff's amended complaint "related back" to the original complaint, it would not be barred as against the statute of limitations.

According to section 2—616(b) of the Illinois Code of Civil Procedure:

"The cause of action, *** set up in any amended pleading shall not be barred by lapse of time under any statute *** limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b).

■■ ■ The plaintiff's amended complaint relates to an entirely different occurrence or procedure than the original complaint. Specifically, his original complaint set forth allegations of negligence occurring on January 9, 1984, during a surgical procedure known as a Charnely Clamp Arthrodesis. His amended complaint alleged the defendant negligently cared for the plaintiff during the initial stages of treatment, about 18 months prior to the surgery. An amended complaint is deemed to relate back to the original complaint only when the original complaint supplies the defendant with all the information necessary to prepare the defense to the subsequently asserted claim. *Weidner v. Carle Foundation Hospital* (1987), 159 Ill. App. 3d 710,

512 N.E.2d 824.

For statute of limitations purposes, the plaintiff's amended complaint set forth a new cause of action, which was clearly outside the four-year statute of limitations. A new cause of action first introduced by an amended complaint is regarded as a new suit commenced on the date the amended complaint is filed. (*Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 342 N.E.2d 337.) There is no argument the plaintiff was under the care of Dr. Cahill from July 23, 1982, through May 3, 1985. However, Dr. Cahill performed sufficiently different remedial procedures on the plaintiff throughout the entire term that his treatment did not constitute a continuous or single transaction. Therefore, the plaintiff's amended complaint did not relate back to the original complaint and the trial court correctly ruled the plaintiff's amended complaint was barred by the statute of limitations and dismissed the action.

Due to the result reached in this case by this court, we find it unnecessary to decide the defendants' cross-appeal.

For the foregoing reasons, the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and HEIPLE, JJ., concur.