VIRGINIA RULISON WEBER, Plaintiff-Appellant, v. AMIEL CUETO, Defendant-Appellee (Marvin Darling, Defendant).

Fifth District   No. 5—92—0064

Opinion filed December 14, 1993.

510

David M. Duree, of O'Fallon, and David M. Duree and Robert L. Carter, both of Reinert, Duree & Crane, P.C., of St. Louis, Missouri, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall and Bradley S. McMillan, of counsel), and Heyl, Royster, Voelker & Allen, of Springfield (Adrian E. Harless, of counsel), for appellee.

JUSTICE McLAUGHLIN delivered the opinion of the court:

Plaintiff, Virginia Rulison Weber, appeals from the order of the circuit court of Madison County which granted summary judgment in favor of defendant Amiel Cueto, granted defendant Marvin Darling's motion to dismiss, and vacated a previous order allowing plaintiff leave to file a second-amended complaint. For the reasons which follow, we affirm.

The relevant procedural history is as follows. On January 11, 1984, plaintiff filed a three-count complaint in the circuit court. Count I of the complaint alleged that defendant Cueto had defamed plaintiff by circulating a libelous letter, dated January 14, 1983, to the chief judge of Madison County, the 29 members of the Madison County Board, and the Attorney Registration and Disciplinary Commission (Commission). Count II alleged that defendant Darling, in conspiracy with defendant Cueto, had defamed plaintiff by circulating the letter as described. Count III alleged that defendant Darling had defamed plaintiff by originally communicating to Cueto the defamatory material which Cueto included in the letter.

Both defendants filed motions attacking the complaint, and after obtaining leave of court, plaintiff filed a first-amended, four-count complaint on January 26, 1987. (Parenthetically, we note that as of that date, the one-year statute of limitations for libel had run (735 ILCS 5/13—201 (West 1992)), as plaintiff has conceded in her brief and argument.) Count I of the first-amended complaint was directed against both defendants and alleged libel *per se* by the circulation of the letter to the chief judge, the board members, the Commission, and "various newspapers circulated generally in Madison County, Illinois." Count II was directed against both defendants and alleged libel *per quod* by the circulation of said letter and publication in "various newspapers" as described in amended count I. Count III was directed against both defendants and alleged that beginning in December 1982 the defendants conspired to defame plaintiff, which defamation involved composition and publication of the letter to the authorities and newspapers as described in amended count I. Count IV of the first-

amended complaint (which is essentially the same as count III of the original complaint) alleged that defendant Darling had defamed plaintiff by originally communicating to Cueto the defamatory material which Cueto included in the letter.

On November 22, 1989, the circuit court entered an order granting Cueto's motion to dismiss. The court ruled that Cueto's distribution of the letter to the chief judge, the county board members, and the Commission was privileged, and the court dismissed with prejudice all the counts against Cueto. The court also made a finding, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal of the order.

Plaintiff appealed from the order dismissing the allegations against Cueto. On appeal, plaintiff did not contest the dismissal with respect to the circulation of the letter to the chief judge or the Commission. In a decision filed in this court on March 8, 1991, we concluded that the distribution of the letter to the County Board members was absolutely privileged, and we therefore affirmed the dismissal of the allegations against Cueto with respect to the board members. (*Weber v. Cueto* (1991), 209 Ill. App. 3d 936, 947, 568 N.E.2d 513, 519-20.) However, we also noted that plaintiff's first-amended complaint against Cueto included allegations that Cueto libelled plaintiff by publishing the letter to "various newspapers circulated generally in Madison County, Illinois." These allegations were not covered by the circuit court's ruling, and we therefore reversed the dismissal order with respect to the allegations concerning publication to the newspapers, and we remanded for further proceedings in that regard, expressing no opinion on the merits thereof. *Weber*, 209 Ill. App. 3d at 948, 568 N.E.2d at 520.

After remand, various motions were filed, and over objection, plaintiff was granted leave to file a second-amended complaint. A three-count, second-amended complaint was filed on August 27, 1991. Count I, against Cueto only, alleged that he defamed plaintiff by publishing the letter to, or causing the republication of the letter by, seven specifically named newspapers; according to this complaint, articles describing the letter appeared in newspaper editions of January 19, 20, and 24, 1983. Count II was directed against Darling and alleged that Darling caused the publication of the letter to the board members and newspapers. Count III was directed against both Cueto and Darling and alleged that beginning in December 1982 the defendants conspired to defame plaintiff. We note that the plaintiff did not replead count IV of the first-amended complaint in this second-amended complaint.

On January 6, 1992, the circuit court entered an order ruling on Cueto's motion to reconsider the order granting leave to file a second-amended complaint, Cueto's motion for summary judgment, and Darling's motion to dismiss.

With respect to Cueto, the court granted summary judgment, concluding that the alleged publication to the newspapers was "a separate cause of action" from any cause of action pleaded in the original complaint, for the ostensible reason that it required proof of different factual matter. The trial court reasoned that because the cause of action with respect to the publication to the newspapers was pleaded for the first time in the first-amended complaint, the first-amended complaint did not "relate back" to the original complaint. (In light of its ruling on the first-amended complaint, the court vacated its order granting leave to file a second-amended complaint, and the second-amended complaint was not allowed to be filed by the trial court.) Because the first-amended complaint was filed after the expiration of the one-year statute of limitations for libel (735 ILCS 5/13—201 (West 1992)) and, per the court, it did not relate back, the court granted Cueto's motion for summary judgment and dismissed the complaint against Cueto with prejudice. (We note that the trial court did not specify the particular counts dismissed.)

With respect to Darling also, the court concluded that the first-amended complaint did not relate back to the original complaint and therefore the first-amended complaint was barred by the statute of limitations. The court dismissed the complaint against Darling with prejudice.

Plaintiff has appealed once again to this court.

■ We initially note that defendant Darling raised the defense of the statute of limitations in a motion to dismiss but defendant Cueto first raised the defense of the statute of limitations on August 5, 1991, in a motion for summary judgment under section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005). The motion for summary judgment alleged there was no genuine issue of material fact because "Defendant Cueto did not publish the report at issue in this case to 'various newspapers circulating generally in Madison County, Illinois' "; alternatively, this motion alleged the statute of limitations defense. While the former argument is a proper subject for a motion for summary judgment pursuant to section 2—1005, the statute of limitations defense is affirmative matter which should have been pleaded in a motion to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—619 (a)(5), (a)(9) (now 735 ILCS 5/2—619(a)(5), (a)(9) (West 1992))). (*Wil-*

*liams v. Board of Education* (1991), 222 Ill. App. 3d 559, 562, 584 N.E.2d 257, 260.) The distinction between motions under sections 2—615, 2—619, and 2—1005 was explained recently by this court in *Barber-Colman Co. v. A & K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 1068-75, 603 N.E.2d 1215, 1218-23. Improper use of these motions results in confusion and has been criticized by reviewing courts. *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 405-06, 312 N.E.2d 605, 609; *Lamkin v. Towner* (1993), 246 Ill. App. 3d 201, 209-11, 615 N.E.2d 1208, 1213-15 (Chapman, J., specially concurring).

In this case, the circuit court relied on the statute of limitations defense as the reason for denying plaintiff leave to amend and for dismissing the first-amended complaint. With respect to Cueto, the court did not, in effect, enter summary judgment under section 2—1005, even though it couched its order in those terms; instead, the court, in effect, dismissed the cause of action against both Cueto and Darling under section 2—619 and entered judgment thereon. The court did not decide the truth or falsity of any fact alleged in the complaint or whether there were genuine issues of material fact; instead, the court decided that plaintiff's first-amended complaint was barred because of affirmative matter appearing on the face of the complaint—the first-amended complaint was not filed within the applicable statute of limitations.

We note that four of the seven issues raised by plaintiff on appeal involve factual or evidentiary matters which would only be ripe for review if the trial court had in effect granted summary judgment or which seek review of abstract questions of law which are unnecessary for us to reach. In light of our holding, we find that these issues are not properly before us on this appeal from the dismissal of the first-amended complaint.

The first two of plaintiff's remaining arguments on appeal assert that the first-amended complaint relates back to the filing of the original complaint. Plaintiff argues: (1) that the circuit court erred in dismissing the first-amended complaint because the first-amended complaint's allegation of publication to the newspapers is the "same cause of action" as the original complaint's allegation of publication to the chief judge, the County Board members, and the Commission; and (2) that in any event, the allegations of the first-amended complaint "grew out of the same transaction or occurrence set up in the original pleading."

Plaintiff's last remaining argument on appeal is (3) that the circuit court abused its discretion in vacating its previous order granting plaintiff leave to file a second-amended complaint.

As noted earlier, the trial court simply dismissed the "first-amended complaint" without referring to any counts thereof. Likewise, the plaintiff has not assigned error to any specific count, treating all assigned error as applicable to the first-amended complaint as a whole or to the alleged abuse of discretion by the trial court in disallowing the filing of a second-amended complaint. For reasons that later appear herein, our affirmance of the dismissal of first-amended counts I, II, and III must be on different grounds than our affirmance of the dismissal of first-amended count IV.

## I.

### RELATION BACK OF COUNTS I, II, AND III OF THE FIRST-AMENDED COMPLAINT

The controlling question on the issue of the relation back of counts I, II, and III of the first-amended complaint is whether said counts, which were filed *after* the applicable one-year statute of limitations had expired, could "relate back" to the original complaint, which was filed *within* the statute of limitations. The answer to this question is governed by section 2—616 of the Civil Practice Law (735 ILCS 5/2—616 (West 1992)) and the case law interpreting that section.

■ Section 2—616 permits the relation back of an amended pleading to avoid the bar of a statute of limitations if two requirements are met: (1) the original pleading was timely filed, and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2—616(a), (b) (West 1992); *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 270-71, 489 N.E.2d 1342, 1344.

The dispute in this appeal, insofar as counts I, II, and III are concerned, focuses on the latter requirement: Did the cause of action asserted in the first-amended complaint grow out of the same transaction or occurrence as the cause of action asserted in the original complaint?

Therefore, the question of whether the cause of action pleaded in counts I, II, and III of the first-amended complaint was the same as or separate from the cause of action in the original complaint is not controlling. In *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342, the supreme court explained that since the enactment of section

46(2) of the 1933 Civil Practice Act (Ill. Rev. Stat. 1939, ch. 110, par. 170(2)), now section 2—616(b), the test for whether an amended complaint could relate back for statute of limitations purposes does not depend on whether the cause of action pleaded in the amended complaint is the "same cause of action" pleaded in the original complaint; instead, the focus is on the identity of the transaction or occurrence. (*Zeh*, 111 Ill. 2d at 272-73, 489 N.E.2d at 1345.) Any decision which imposes a "same cause of action" or "substantially similar cause of action" requirement on amended complaints cannot be harmonized with the law as described in *Zeh*. See, *e.g.*, *Starnes v. International Harvester Co.* (1989), 184 Ill. App. 3d 199, 206, 539 N.E.2d 1372, 1376 ("An amendment asserting new causes of action will not be permitted after the statute of limitations has run"); *Beam v. Erven* (1971), 133 Ill. App. 2d 193, 199, 272 N.E.2d 685, 690 (virtually identical statement); *Rasgaitis v. Rasgaitis* (1952), 347 Ill. App. 477, 483, 107 N.E.2d 273, 276 ("It is sufficient if the cause of action set out in the amendment be substantially the same as the cause of action stated in the original bill").

Instead, the supreme court has stated that the same transaction or occurrence rule "is bottomed on the belief that if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he can prepare to meet the plaintiff's claim, whatever theory it may be based on." (*Zeh*, 111 Ill. 2d at 279, 489 N.E.2d at 1348.) Thus, the same transaction or occurrence rule has also been stated as follows: "[A]n amended complaint relates back only when the original complaint supplies defendant with 'all the information necessary to prepare the defense to the subsequently asserted claim.' " (*Flynn v. Szwed* (1991), 224 Ill. App. 3d 107, 111, 586 N.E.2d 539, 543, quoting *Seibert v. Cahill* (1988), 173 Ill. App. 3d 545, 548, 527 N.E.2d 1042, 1044.) The rationale for this rule is that a defendant will not be prejudiced so long as his attention has been directed within the limitations period to the facts which form the basis of the claim lodged against him. *Bailey v. Petroff* (1988), 170 Ill. App. 3d 791, 797, 525 N.E.2d 278, 282.

Under this standard, our focus is on the facts and occurrence alleged, not on the name of the cause of action or legal theory used to support the claim for damages. The controlling factor, to be determined by a court in order to allow for relation back, is not whether the amended action seeks the same remedy; rather, the court must determine that the two actions or remedies, even though different, require the same proof. If so, relation back is proper. If not, there is no

relation back of the amendment, even if both causes of action are identical with respect to labelling (*e.g.*, both are actions for libel).

A

■ We believe that in the instant case the cause of action pleaded in counts I, II, and III of the first-amended complaint did *not* grow out of the same transaction or occurrence set up in the original pleading, because the original complaint did not supply defendant with all the information necessary to prepare the defense to the subsequently asserted claim and defendants were not made aware, within the limitations period, of the occurrence or transaction which was the basis of the claim in the amended complaint.

Plaintiff states that the "fairness to litigants standard *** requires that the original complaint provide defendant with a fair opportunity to investigate the circumstances upon which the liability against him is predicated while the facts are accessible." But it is just this standard that has *not* been met by plaintiff's original complaint in this case. According to plaintiff, "[T]he timely filed original complaint advised defendants that plaintiff was complaining of the January 14, 1983, letter and its publication to the twenty-nine members of the Madison County Board, the Chief Judge of Madison County, Illinois, and the ARDC [and] [t]he original complaint also advised the defendants that plaintiff alleged the letter had been published generally within Madison County, Illinois." However, we believe that these allegations in the original complaint did *not* put defendants on notice that they were being sued for having delivered the letter to newspapers or for causing republication of the letter by newspapers, which are the allegations forming the basis of the cause of action in dispute in counts I, II, and III of the first-amended complaint. While the allegations of the original complaint and counts I, II, and III of the first-amended complaint involve a common element, *i.e.*, the allegedly libelous letter, the allegations of fact are distinct and the proofs necessary to establish the causes of action are entirely distinct. See *Kakuris v. Klein* (1980), 88 Ill. App. 3d 597, 410 N.E.2d 984.

In order to state a cause of action for libel, the plaintiff must plead sufficient facts to show (a) that the defendants made a false statement concerning her, (b) that there was an unprivileged publication to a third party with fault by the defendant, and (c) that the publication caused damage to the plaintiff. *Krasinski v. United Parcel Service, Inc.* (1988), 124 Ill. 2d 483, 490, 530 N.E.2d 468, 471, citing Restatement (Second) of Torts §558 (1977).

Admittedly, count III of the first-amended complaint sought to recover, from both Cueto and Darling, damages resulting from a conspiracy. However, conspiracy, standing alone, is not a separate and distinct tort in Illinois. (*Olsen v. Karwoski* (1979), 68 Ill. App. 3d 1031, 1037, 386 N.E.2d 444, 450; M. Polelle & B. Otley, Illinois Tort Law 391-93 (1985).) "[T]he mere allegation of a conspiracy does not in and of itself constitute an allegation of wrongful acts upon which liability may be predicated. Rather, it is the act performed in pursuance of the agreement that may create liability." (*Illinois Traffic Court Driver Improvement Education Foundation v. Peoria Journal Star, Inc.* (1986), 144 Ill. App. 3d 555, 562, 494 N.E.2d 939, 943.) Therefore, in order to recover damages pursuant to count III of the first-amended complaint, plaintiff would be required to prove that either Cueto or Darling libeled her. In such a case, the liability would be imposed upon all co-conspirators. (See *Olsen*, 68 Ill. App. 3d at 1037-38, 386 N.E.2d at 450-51.) In this regard, the plaintiff would be required to prove, in order to recover on count III as pleaded, that the publication of the allegedly defamatory material was made to "various newspapers circulated generally in Madison County, Illinois." This is the same proof that would be required to recover under counts I and II of the first-amended complaint.

In this case, the allegations of both the original complaint and counts I, II, and III of the first-amended complaint were the same with respect to elements (a) and (c); they alleged (a) that defendants made a false statement regarding plaintiff (Cueto's preparation of the letter), and (c) that the publication of the letter caused damage to plaintiff (injury to plaintiff's reputation in the community).

However, the allegations of the original complaint and counts I, II, and III of the first-amended complaint differed with respect to element (b). The first two counts of the original complaint first alleged specifically that the defendants published the allegedly defamatory statements by circulating the letter to the authorities and then in a later paragraph alleged that defendants "published and circulated said letter dated January 14, 1983, in Madison County, Illinois." Counts I, II, and III of the first-amended complaint, on the other hand, specifically allege, in addition to publication of the letter to the authorities, publication to "various newspapers circulated generally in Madison County, Illinois." Thus, with respect to element (b), the first-amended complaint requires proof of different conduct on the defendants' part with respect to publication and dissemination to different individuals (publication by delivery of a letter to certain individuals, which this court has held to be privileged, versus dissemination of the letter to

newspapers with general circulation). While the original complaint put defendants on notice that they were being sued for circulating the allegedly libelous letter to the three previously described authorities, counts I, II, and III of the first-amended complaint claim that defendants defamed plaintiff by "publishing" the letter to "various newspapers." In other words, in the relevant counts of the amended complaint, plaintiff changed a material element of the cause of action pleaded in the original complaint and therefore changed the transaction upon which her claim was based.

The cases cited by plaintiff on this point are distinguishable because in each of them the amended pleading alleged the same facts and the same occurrence as the original pleading. *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 125, 302 N.E.2d 64, 66 ("in all the pleadings the basis of the defendants' liability was the alleged defective nature of the work area utilized by deceased prior to his fall"); *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 288, 122 N.E.2d 540, 548 ("the amendment *** asserted no more than an additional claim for damages arising from an occurrence fully described in the original pleading"); *Sommer v. United Savings Life Insurance Co.* (1984), 128 Ill. App. 3d 808, 819, 471 N.E.2d 606, 615 ("the same fraudulent sales transactions"); *Allen v. Kewanee Machinery & Conveyor Co.* (1974), 23 Ill. App. 3d 158, 160, 318 N.E.2d 696, 699 (the amended complaint was "based upon the same set of facts").

Instead, this case is similar to the cases of *Bailey v. Petroff* (1988), 170 Ill. App. 3d 791, 525 N.E.2d 278, and *Kakuris v. Klein* (1980), 88 Ill. App. 3d 597, 410 N.E.2d 984. In *Bailey*, both the original and amended complaints alleged medical malpractice; however, the original complaint alleged that the defendant doctor was negligent in the treatment of the plaintiff during plaintiff's pregnancy and in the prenatal care of plaintiff's child, causing the child's birth defects, while the amended complaint alleged that the defendant was negligent by failing to diagnose the child's genetic disorder and failing to notify the parents of the complications. (*Bailey*, 170 Ill. App. 3d at 793-94, 798-99, 525 N.E.2d at 279-80, 282.) This court concluded that the original complaint did not adequately inform the defendant of the facts necessary to investigate the claim which was ultimately asserted in the amended complaint. *Bailey*, 170 Ill. App. 3d at 798, 525 N.E.2d at 282.

In *Kakuris*, the amended complaint alleged additional defamatory statements not described in the original complaint. The court refused to allow relation back, stating:

"[E]ach alleged defamatory statement in the second amended complaint constituted a separate cause of action arising from distinct circumstances. In addition, none of these publications was mentioned in the original complaint, with the exception of a general reference to the October 11, 1973, statement. *** Evidence of any one of the publications standing alone does not support a cause of action for any of the others. Accordingly it cannot be said that the original complaint furnished defendants with information necessary to prepare [their] defense to the various claims subsequently asserted." *Kakuris*, 88 Ill. App. 3d at 603, 410 N.E.2d at 984.

Indeed, perhaps the most telling difference between the original complaint and the first-amended complaint is the defenses that are available to the defendants. We note again that this court has previously affirmed the circuit court's dismissal of the allegations of the original complaint against defendant Cueto with regard to publication of the letter to the authorities, on the ground that those publications were privileged. (*Weber v. Cueto* (1991), 209 Ill. App. 3d 936, 568 N.E.2d 513.) In the first-amended complaint, in contrast, plaintiff for the first time makes the allegation of a distribution of the letter to "various newspapers," which, of course, will not be subject to the defense of privilege as used by the defendants regarding the authorities.

Plaintiff argues that "[d]efendant Amiel Cueto had adequate notice that Plaintiff was alleging publication of the letter to numerous sources, including within Madison County, Illinois generally" and that therefore defendants were informed sufficiently in order to prepare a defense. We disagree.

The original complaint named specifically only the chief judge, the county board members, and the Commission as those third parties to whom defendants published the letter. Although a later paragraph alleges that the letter was published in Madison County, that paragraph is separate and distinct from the earlier paragraph identifying the third parties to whom defendants published the letter and appears to be an allegation to establish proper venue. In any event, we believe the allegation in the later paragraph was too conclusory to serve as notice to defendants that publication to newspapers was at issue.

Plaintiff relies heavily on *Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44, 570 N.E.2d 327, which in turn explained and distinguished *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342. In *Zeh*, the supreme court held that the amendment in that case, naming a different location for the injury/transaction/occurrence, did not relate back because it changed the occurrence. The court held that the pleadings

did not put defendant on notice concerning where the incident took place. (*Zeh*, 111 Ill. 2d at 278, 489 N.E.2d at 1349-50.) In *Wolf*, the supreme court expanded the principles set out in *Zeh* so that this notice to defendant can be established from elsewhere in the record, other than the pleadings. In *Wolf*, the supreme court held that the amended complaint should relate back, even though it was filed after the expiration of the limitations period, because defendant was on notice of the correct location of the injury/transaction/occurrence before the statute of limitations expired. (*Wolf*, 143 Ill. 2d at 47-48, 570 N.E.2d at 329.) This notice came not from the pleadings but from deposition testimony and discovery documents. (*Wolf*, 143 Ill. 2d at 46, 570 N.E.2d at 328-29.) The *Wolf* decision thus stands for the proposition that the entire record can be examined to determine whether defendant was on notice, before the statute of limitations expired, of the true facts upon which the claim (the amendment) is based. In other words, relation back was allowed because defendant was timely alerted to the true transaction/occurrence (the proper location) that was the subject of the lawsuit.

In this case, however, there is nothing in the record to indicate that defendants were on notice of the true transaction/occurrence being sued upon (publication to the newspapers), until the newspapers were mentioned in the first-amended complaint. Thus, even with an examination of the entire record as allowed by *Wolf*, it cannot be said that defendants were on notice, before the expiration of the statute of limitations, of the transaction or occurrence which ultimately was the basis of the first-amended complaint. Even using the approach allowed in *Wolf*, the cause of action in the first-amended complaint did not grow out of the same transaction or occurrence set up in the original complaint.

Plaintiff-appellant's reliance on the alleged fact that defendant Cueto knew, shortly after distribution of the letter to the authorities, *i.e.*, within the statute of limitations, that the letter was published to the newspapers misses the point under this interpretation of the law. Under *Zeh* and *Wolf*, defendant must be on timely notice that the publication to the newspapers was the subject of the lawsuit. No such notice has been shown here.

We conclude that defendants were not provided sufficient notice, before the expiration of the statute of limitations, that the basis for plaintiff's claim was defendant's alleged unprivileged distribution of the letter to the newspapers (see *Digby v. Chicago Park District* (1992), 240 Ill. App. 3d 88, 92-93, 608 N.E.2d 116, 119), and therefore counts I, II, and III of the first-amended complaint cannot be said to

grow out of the same transaction or occurrence alleged in the original complaint. In this case, those counts of plaintiff's first-amended complaint alleged, for the first time, the publication of the letter to the newspapers. The first-amended complaint was filed three years after the original complaint and four years after the letter was prepared and circulated, long after the one-year limitations period had expired.

## B

■ Plaintiff argues generally that the cause of action in the first-amended complaint is the same as that in the original complaint, relying upon the Uniform Single Publication Act (740 ILCS 165/1 *et seq.* (West 1992)). For reasons that follow, we are limiting this argument to counts I, II, and III of the first-amended complaint. We reject plaintiff's argument and agree with the circuit court that counts I, II, and III of the first-amended complaint state a separate cause of action because it was the first time plaintiff sought to recover damages arising from defendant's alleged publication of a libelous letter to newspapers.

Plaintiff urges that under the Uniform Single Publication Act all distributions, publications, and republications of the letter are a single cause of action and therefore the allegations of the first-amended complaint regarding publication to newspapers must necessarily "grow out of" the same transaction or occurrence as the allegations of the original complaint regarding publication to the three authorities. We disagree.

Section 1 of the Single Publication Act provides:

> "No person shall have more than one cause of action for damages for libel *** founded upon any single publication or exhibition or utterance, such as one edition of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture." 740 ILCS 165/1 (West 1992).

The language of section 1 of the Uniform Single Publication Act (Act) does not aid plaintiff's argument. Section 1 prohibits multiple causes of action for "any single publication or exhibition or utterance." (740 ILCS 165/1 (West 1992).) The Act prohibits more than one cause of action for the same means of publication, no matter how many times that publication is reproduced. (*Founding Church of Scientology v. American Medical Association* (1978), 60 Ill. App. 3d 586, 377 N.E.2d 158.) This case, however, does not involve the same means of publication of the allegedly libelous words. This case involves a separate and distinct means of publication in the legal sense

of the word; the original complaint involved publication/dissemination of the letter to the authorities (which we held was privileged), while the first-amended complaint involved publication/dissemination of the letter to the newspapers and, arguably, republication to the general public. These separate acts of publication are separate causes of action. See *Kakuris v. Klein* (1980), 88 Ill. App. 3d 597, 410 N.E.2d 984.

Thus, we conclude that counts I, II, and III of the first-amended complaint do not allege the same cause of action as the original complaint.

In conclusion, because the cause of action alleged in counts I, II, and III of the first-amended complaint is not the same cause of action as that stated in the original complaint and did not grow out of the same transaction or occurrence described in the original complaint, plaintiff cannot avail herself of the relation-back provisions of section 2—616.

## II.

### ABUSE OF DISCRETION

Plaintiff's last argument is that the trial court abused its discretion in not allowing the second-amended complaint to be filed.

■ Although a trial court's authority to allow amendment of a complaint is to be liberally exercised, there is no absolute right to amend pleadings. (*Flynn v. Szwed* (1991), 224 Ill. App. 3d 107, 116, 586 N.E.2d 539, 546.) A denial of a motion to amend is not prejudicial error unless there has been a manifest abuse of discretion. (*Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 273-74, 586 N.E.2d 1211, 1216.) One of the factors used to determine whether a circuit court has abused its discretion is whether the proposed amendment would cure the defective pleading. (*Loyola Academy*, 146 Ill. 2d at 273, 586 N.E.2d at 1215-16.) In this case, the trial judge refused to allow plaintiff leave to amend the first-amended complaint because the court concluded all four counts of the first-amended complaint did not relate back to the filing of the original complaint and the first-amended complaint was therefore barred by the applicable statute of limitations. The court also concluded that plaintiff could not cure this defect by filing the proposed second-amended complaint.

Because we have held that the circuit court properly ruled that counts I, II, and III of plaintiff's first-amended complaint cannot relate back to the original complaint, we also hold that the circuit court did not err in denying plaintiff leave to amend with respect to those

counts. The only material difference between counts I, II, and III of the first-amended complaint and the three counts of the second-amended complaint is that the second-amended complaint stated the exact identity of each newspaper. Therefore, if counts I, II, and III of the first-amended complaint did not relate back, then the entire second-amended complaint would not.

## III.

### COUNT IV OF THE FIRST-AMENDED COMPLAINT WAIVER

We acknowledge that count IV of the first-amended complaint pleaded the same cause of action as that pleaded in count III of the original complaint. Count IV of the first-amended complaint seeks damages from Darling resulting from the alleged publication by Darling communicating defamatory matter to Cueto.

We have redirected our attention to the points raised by plaintiff's brief. Of the seven assignments of error, only one, the abuse of discretion by the trial court in refusing to allow the plaintiff to file the second-amended complaint, could in any way relate to count IV of the first-amended complaint. However, in her brief plaintiff neither specifically includes count IV of the first-amended complaint in any of her points nor advances any argument that said count IV is the same as original count III and therefore relates back to said count III. (We parenthetically note that none of the plaintiff's assignments of error relate to any specific count of any complaint.)

Points not raised in an appellant's brief and not argued on appeal are waived. (Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7); *Brown v. Tenney* (1988), 125 Ill. 2d 348, 362-63, 532 N.E.2d 230, 236.) We therefore hold that any error in dismissing count IV of the first-amended complaint, including the possible relation back of count IV to count III of the original complaint, has been waived by the failure of plaintiff to raise the issue as a point of error in her brief.

Turning to the issue of abuse of discretion, we note that count IV of the first-amended complaint was not repleaded in the second-amended complaint. Generally stated, where a plaintiff chooses to file an amended complaint, the plaintiff abandons the earlier complaint and waives any objection to an order dismissing that complaint. (*Mijatovich v. Columbia Savings & Loan Association* (1988), 168 Ill. App. 3d 313, 316, 522 N.E.2d 728, 731.) Furthermore, it is not an abuse of discretion to deny leave to amend where the proposed amendment is not submitted to the trial court. *Ochoa v. Maloney* (1979), 69 Ill. App. 3d 689, 693, 387 N.E.2d 852, 854.

In this case, the plaintiff may not assign error for the failure of the trial court to allow the refiling of the cause of action alleged in count IV of the first-amended complaint where plaintiff did not seek leave to file same in the second-amended complaint. In such a case, the error, if any, is waived by the plaintiff's abandoning of count IV of the first-amended complaint.

In light of the foregoing, the judgment of the circuit court is affirmed.

Affirmed.

LEWIS, P.J., and GOLDENHERSH, J., concur.